FILED
2015 OCT 26 P 12:03
MAUREEN G. KELLY
CLERK OF COURTS

STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
CIVIL DIVISION

| | |
|---|---|
| **BRYAN ANTHONY REO**<br>7143 Rippling Brook Lane<br>Mentor, OH 44060<br><br>Plaintiff,<br><br>v.<br><br>**AFFACTION LLC**<br>**D/B/A SENIORCARE.COM**<br>c/o Shawn Schulze<br>17874 Bonhomme Fork Court<br>Chesterfield, MO 63005<br><br>and<br><br>**SHAWN SCHULZE**<br>17874 Bonhomme Fork Court<br>Chesterfield, MO 63005<br><br>Defendants. | Case No.<br><br>**15CV001840**<br>**JOHN P O'DONNELL** |

**KLIMKOWSKY LAW, LLC**
By: Brett A. Klimkowsky (#90183)
P.O. Box 114
Martin, OH 43445
(P): (419) 360-1738
(F): (855) 589-8543
(E): brett1066@gmail.com
*Attorney for Bryan Anthony Reo*

**PLAINTIFF'S COMPLAINT**
**(JURY TRIAL ENDORSED HEREON)**

EXHIBIT
B

NOW COMES Bryan Anthony Reo ("Plaintiff"), by and through the undersigned attorney, and hereby propounds upon AffAction LLC ("Defendant"), Shawn Schulze ("Schulze") (collectively "Defendants"), and this Honorable Court Plaintiff's Complaint:

## I. INTRODUCTION

1. Plaintiff sues Defendants for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Ohio Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("OCSPA"), as well as related common law claims.

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant is a limited liability company existing by and through the laws of the State of Missouri, which does business in the State of Ohio. It maintains as its registered agent Shawn Schulze, 17874 Bonhomme Fork Court, Chesterfield, MO 63005. Defendant does business as SeniorCare.com and maintains an interactive commercial website at <www.seniorcare.com>, which is accessible to Ohio residents.

4. Upon information and belief, Schulze is an adult natural person who is domiciled in the State of Missouri and who (1) registered and maintains the website domain of <www.seniorcare.com>, (2) is the sole shareholder or owner of Defendant, and (3) operates Defendant out of Defendant's residence of the address commonly known as 17874 Bonhomme Fork Court, Chesterfield, MO 63005.

## III. JURISDICTION AND VENUE

5. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227. R.C. § 2305.01; 47 U.S.C. § 227(b)(3)(a).

6. This Court enjoys personal jurisdiction over Defendant because Defendant transacted business in the State of Ohio thereby causing Plaintiff's causes of action against Defendant to arise and because Defendant caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

7. This Court enjoys personal jurisdiction over Schulze because Schulze's corporate entity—Defendant—transacted business in the State of Ohio thereby causing Plaintiff's causes of action against Defendant to arise and because Defendant caused tortious injury to Plaintiff in the State of Ohio by an act outside of the State of Ohio that was committed by Defendant with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

8. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

9. Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); to wit: (440) 352-6060.

10. Plaintiff's residential telephone line has been listed on the national Do Not Call Registry since before Defendant called Plaintiff's residential telephone line as detailed in this Complaint.

11. Upon information and belief, Defendant made telephone calls to Plaintiff's residential telephone from—but not limited to—the following telephone numbers: (305) 677-0401, (619) 489-0077, and (561) 910-0630.

12. Defendant called Plaintiff's residential telephone on May 9, 2014, at approximately 12:29 p.m. EST and initiated an unsolicited auto-dialed sales call involving a human employee, attempting to sell Plaintiff funeral and life insurance-related products. Plaintiff listened to the sales call and then respectfully made a "do not call" request when Plaintiff demanded not to be contacted again.

13. Defendant called Plaintiff's residential telephone on July 7, 2015, at approximately 12:39 p.m. EST with an auto-dialed sales call involving a human employee. Plaintiff again informed Defendant that Plaintiff did not want what Defendant was selling. When Defendant asked if Defendant would be able to speak with Plaintiff's father, Plaintiff informed Defendant that Defendant would need permission from Plaintiff's father before contacting Plaintiff's father on the residential telephone. Defendant never attempted to obtain permission to use an auto-dialer to contact Plaintiff or Plaintiff's father.

14. Defendant called Plaintiff's residential telephone on August 21, 2015, at approximately 3:16 p.m. EST with an auto-dialed call consisting of a live human employee. Plaintiff again repeated his earlier "do not call" requests and informed Defendant's agent of the previous calls that violate the TCPA.

15. Defendant called Plaintiff's residential telephone three (3) times over the course of one (1) minute on February 24, 2014, at approximately 6:13 p.m. EST with an auto-dialed call consisting of a live human employee, by using the phone number of (305) 677-0401, in attempt to initiate an unsolicited sales call.

16. Defendant called Plaintiff's residential telephone four (4) times over the course of one (1) minute on May 9, 2014, at approximately 4:29 p.m. EST with an auto-dialed call consisting of a

live human employee, by using the phone number of (305) 677-0401, in attempt to initiate an unsolicited sales call.

17. Defendant called Plaintiff's residential telephone three (3) times over the course of one (1) minute on September 2, 2014, at approximately 2:29 p.m. EST with an auto-dialed call consisting of a live human employee, by using the phone number of (305) 677-0401, in attempt to initiate an unsolicited sales call.

18. Defendant called Plaintiff's residential telephone three (3) times over the course of one (1) minute on July 7, 2015, at approximately 4:39 p.m. EST with an auto-dialed call consisting of a live human employee, by using the phone number of (619) 489-0077, in attempt to initiate an unsolicited sales call.

19. Defendant spoofed the caller identification information by deceptively displaying fake numbers and fake business names with all of the telephone calls made by Defendant to Plaintiff as detailed in this Complaint. The telephone calls were made by Defendant or Defendant's agent as evidenced by the callers attempting to sell Defendant's goods or services to Plaintiff.

20. Defendant used an Automated Telephone Dialing System ("ATDS"), which has the capability for predictive dialing, for all telephone calls as described in this Complaint. This is evidenced by the perceptible delay after Plaintiff said "Hello?" but before Defendant's agent came on the call and an audible mechanical sound being heard by Plaintiff at the onset of the telephone calls.

21. Based upon information and belief, at least some of the calls made by Defendants were calls that consisted of recorded messages.

22. Based upon information and belief, Defendant initiated at least thirty (30) separate auto-dialed calls involving recorded messages, interactive messages, and some live human employees or agents, to Plaintiff during the years of 2012, 2013, and 2014.

23. Defendant called Plaintiff's residential telephone for the purpose of encouraging the purchase or rental of, or investment in, goods or services, which is transmitted to any person, thereby engaging in "telephone solicitation" as that term is defined by 47 U.S.C. § 227(a)(4).

24. Upon information and belief, Defendant regularly, on behalf of itself or others, engages in telephone solicitation as a matter of business practice.

25. All telephone calls made by Defendant to Plaintiff were intrusive, disruptive, and annoying.

26. Plaintiff does not have any relationship with Defendant and Plaintiff never provided Defendant with express consent for Defendant to call Plaintiff's residential telephone.

27. All telephone calls made by Defendant to Plaintiff as described in this Complaint constitute commercial advertising.

28. As a direct and proximate result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

29. Plaintiff incorporates by reference Paragraphs 1-28 and 42-71 of this Complaint as if each is set forth herein.

30. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

31. It is a violation of the TCPA to initiate any telephone call to a person's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B).

32. Defendant placed calls to Plaintiff's residential telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's residential telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

33. Defendant conveyed and delivered artificial and/or prerecorded voice messages to Plaintiff's residential telephone in violation of the TCPA. 47 U.S.C. § 227(b)(1)(B).

34. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's residential telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

35. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents.

36. Defendant violated 47 C.F.R. § 64.1200(d)(4) by spoofing the caller identification with fake numbers and fake names in attempt to confuse Plaintiff and induce Plaintiff to answer Plaintiff's residential telephone when Defendant illegally called Plaintiff. Additionally, Defendant's phone calls to Plaintiff failed to divulge addresses or proper call-back numbers.

7

37. Defendant violated the TCPA when Defendant called Plaintiff's residential telephone more than one (1) time over the course of a twelve (12) month period and violated provisions of the TCPA during said telephone calls.

38. Defendant negligently violated the TCPA in relation to Plaintiff.

39. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every call in violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

40. In the alternative to the *scienter* of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per call in violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law).

41. Defendant committed at least fifteen (15) violations of Count 1 of Plaintiff's Complaint.

## COUNT II
## STATUTORY VIOLATIONS OF THE OCSPA

42. Plaintiff incorporates by reference Paragraphs 1-41 and 51-71 of this Complaint as if each is set forth herein.

43. Defendant is a "person" as defined by R.C. § 1345.01(B).

44. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

45. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

46. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendant solicited Plaintiff via phone to purchase goods or services as detailed within this Complaint.

8

47. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the TCPA and the regulations promulgated by the Federal Communication Commissions, as well as by Defendant intentionally and deceptively and unfairly concealing Defendant's identity when Defendant called Plaintiff's residential telephone.

48. Defendant proximately caused damages to Plaintiff and Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages. R.C. § 1345.09(B).

49. Since Defendant knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F)(2).

50. Defendant committed at least fifteen (15) violations of Count II of Plaintiff's Complaint.

## COUNT III
## COMMON LAW NEGLIGENCE PER SE

51. Plaintiff incorporates by reference Paragraphs 1-50 and 56-71 of this Complaint as if each is set forth herein.

52. Defendant owed Plaintiff a duty of care; to wit: to not harass Plaintiff by violating provisions of the TCPA.

53. Defendant breached its duty of care to Plaintiff; to wit: Defendant harassed Plaintiff when Defendant violated provisions of the TCPA.

54. Defendant proximately and directly caused Plaintiff to suffer damages via Defendant's breach of its duty of care it owed to Plaintiff; to wit: Plaintiff suffered mental anguish in the

9

form of irritation, frustration, and vexation due to the invasion of Plaintiff's privacy interests as codified by the TCPA.

55. Defendant committed against Plaintiff the common law tort of negligence per se.

## COUNT IV
## STATUTORY VIOLATIONS OF THE OHIO TELEPHONE SALE SOLICITATION ACT

56. Plaintiff incorporates by reference Paragraphs 1-55 and 66-71 of this Complaint as if each is set forth herein.

57. Plaintiff is a "purchaser" as that term is defined by R.C. § 4719.01(A)(5) insofar as Plaintiff was solicited to become financially obligated as a result of Defendant's phone calls to Plaintiff.

58. Defendant is a "telephone solicitor" as that term is defined by R.C. § 4719.01(A)(8) insofar as Defendant engaged in telephone solicitation directly or through one or more salespersons.

59. Defendant engaged "telephone solicitation" of Plaintiff as that term is defined by R.C. § 4719.01(A)(7) insofar as Defendant caused a communication to Plaintiff that was initiated by Defendant and which advertised the availability of goods or services to induce Plaintiff to purchase said goods or services.

60. Upon information and belief, Defendant violated the Ohio Telephone Sale Solicitation Act ("OTSSA") by failing to maintain a valid certificate of registration or registered renewal. R.C. § 4719.08(B).

61. Defendant violated the OTSSA by intentionally blocking or causing to be blocked the disclosure of the telephone number from which Defendant engaged in telephone solicitation to Plaintiff. R.C. § 4719.08(I).

62. Defendant's violation of the OTSSA is an unfair or deceptive act or practice as far as the OCSPA is concerned, and thus is a *per se* violation of said act. R.C. § 4719.14.

63. Defendant having blocked its phone number is an unfair or deceptive act or practice as far as the OCSPA is concerned, and thus is a *per se* violation of said act. R.C. § 4719.21(B) and (C).

64. Noteworthy about Defendant's violations of R.C. § 4719.08 is that each violation constitutes a felony of the fifth degree. R.C. § 4719.99.

65. Defendant violated the OTSSA.

## COUNT V
## COMMON LAW PIERCING OF THE CORPORATE VEIL

66. Plaintiff incorporates by reference Paragraphs 1-65 of this Complaint as if each is set forth herein.

67. Schulze is the individual shareholder of Defendant.

68. The individual shareholder's control over Defendant is so complete that the corporation has no separate mind, will, or existence of its own.

69. The individual shareholder's control over Defendant is exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity.

70. An injury or unjust loss resulted to Plaintiff from the individual shareholder's control over Defendant and Defendant's wrongs committed against Plaintiff.

71. It is equitable for the Court to pierce the corporate veil of Defendant.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

1. Enter judgment against Defendant in Plaintiff's favor in an amount of money that exceeds twenty-five thousand dollars ($25,000.00) for general damages, statutory damages, treble damages, attorney's fees, and costs;

2. Pierce the corporate veil of Defendant by decreeing Schulze to be jointly and severally liable for any money judgment rendered by this Court against Defendant in Plaintiff's favor; and

3. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

Respectfully submitted,

KLIMKOWSKY LAW, LLC

_____
Brett A. Klimkowsky (#0090183)
P.O. Box 114
Martin, OH 43445
(P): (419) 360-1738
(F): (855) 589-8543
(E): brett1066@gmail.com
*Attorney for Bryan Anthony Reo*

Dated: October 17, 2015

**JURY TRIAL DEMAND**

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

*[signature]*
_____
Brett A. Klimkowsky (#0090183)
P.O. Box 114
Martin, OH 43445
(P): (419) 360-1738
(F): (855) 589-8543
(E): brett1066@gmail.com
*Attorney for Bryan Anthony Reo*

Dated: October 17, 2015