**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **BRYAN ANTHONY REO,** | Case No. 1:15-cv-02348-PAG |
| Plaintiff, | Hon. Patricia A. Gaughan |
| v. | Mag. Kenneth S. McHargh |
| **AFFACTION, LLC,** | |
| and | |
| **SHAWN SCHULZE,** | |
| Defendants. | |

| | |
|---|---|
| **KLIMKOWSKY LAW, LLC** | **MARSHALL & MELHORN, LLC** |
| By: Brett A. Klimkowsky (#90183) | Roman Arce (#59887) |
| P.O. Box 114 | Jennifer J. Dawson (#33707) |
| Martin, OH 43445 | Four SeaGate, 8th Fl. |
| (P): (419) 360-1738 | Toledo, OH 43604 |
| (F): (855) 589-8543 | (P): (419) 249-7100 |
| (E): brett1066@gmail.com | (F): (419) 249-7151 |
| *Attorney for Bryan Anthony Reo* | (E): arce@marshall-melhorn.com |
| | (E): dawson@marshall-melhorn.com |
| | *Attorneys for AffAction, LLC, and Shawn Schulze* |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES Bryan Anthony Reo ("Plaintiff"), by and through the undersigned attorney, and hereby propounds upon AffAction, LLC ("AffAction"), Shawn Schulze ("Schulze") (collectively "Defendants") and this Honorable Court Plaintiff's Response to Defendants' Motion to Dismiss:

## I.  STATEMENT OF FACTS

### A.  PROCEDURAL HISTORY

Plaintiff filed suit against Defendants in the State of Ohio's Lake County Court of Common Pleas, and the Complaint and Summons for said case was served upon AffAction via U.S. Mail—Tracking No. 9414726699042051949036—and upon Schulze via U.S. Mail—Tracking No. 9414726699042051949043—on November 5, 2015, at 3:41 p.m.

Defendants removed the Ohio court civil action to this Court on November 16, 2015.

Per Fed. R. Civ. P. 81(c)(2), Defendants were required to file with the Court and serve upon Plaintiff their first responsive pleading on or before November 26, 2015.  Having failed to timely respond, Plaintiff applied for defaults against both Defendants on December 3, 2015—and the Court Clerk on said day so entered defaults against Defendants.

After being defaulted, Defendants filed their Motion to Dismiss which is now before the Court.

### B.  FACTUAL HISTORY

As set forth in Plaintiff's Complaint and Affidavit—Exhibit A—, Plaintiff has suffered a significant number of harassing and illegal telemarking phone calls from agents associated with "Senior Care."  On August 21, 2015, one such telemarketer directed Plaintiff to visit the website of <www.seniorcare.com>.  A certified transcription of said telephone call is attached as Exhibit B.

On March 17, 2015, Schulze purchased <www.seniorcare.com>, which Schulze does not deny based upon Schulze having attached the invoice of the purchase of said website domain as an exhibit of his Motion and by stating as such in his Declaration.  There are one hundred fifty-seven (157) days between the date Schulze purchased <www.seniorcare.com> and the date on

which Plaintiff was directed by a telemarketer to visit said website.  Defendants clearly engaged in an illegal telemarketing scheme which targeted Plaintiff in the State of Ohio.

## II.  LAW & ARGUMENT

### A.  THE DEFAULTS AGAINST DEFENDANTS SHOULD NOT BE SET ASIDE OR DISREGARDED

Defendants' invoke Fed. R. Civ. P. 6(b)(1)(B) for purposes of filing their Motion to Dismiss, which permits a party to file a document late if "excusable neglect" was the cause of the late filing.

The purported basis of Defendants' "excusable neglect" is that Defendants maintain their innocence and that Defendants' attorney sent Plaintiff's attorney four electronic mails in attempt to induce Plaintiff to agree to dismiss the instant civil action.  (Defendants' Motion, pp 2-3.)

From the date Defendants were initially served with process to the date Defendants were put in default, twenty-eight (28) days had elapsed.  Instead of Defendants filing a responsive pleading during these twenty-eight (28) days, Defendants instead tried to induce Plaintiff to dismiss the instant civil action by sending four (4) emails—one of which contained the invoice of when Schulze acquired the website domain of <www.seniorcare.com> which only further evinced his liability in light of Plaintiff receiving phone calls from telemarketers directing Plaintiff to visit said website months after Defendants acquired it.

Defendants never requested an extension of time from this Court or Plaintiff to file a late responsive pleading to Plaintiff's Complaint.  Neither this Court nor Plaintiff ever agreed to permit Defendants to file a late responsive pleading to Plaintiff's Complaint.  Defendants' unjustified dilatory and deceptive behavior only offends judicial economy and Plaintiff's right to relief.  The Federal Rules of Civil Procedure, after all, are not styled as the Federal Recommendations of Civil Procedure—deadlines exist for a reason and the Rules must be followed.

3

The defaults against Defendants were properly entered by the Court Clerk, and said defaults should not be set aside nor disregarded for purposes of Defendants' instant Motion.

No "excusable neglect" exists for the default to be set aside nor disregarded.

### B. DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

For the reasons set forth in the Factual History of this Brief, Defendants do not have a meritorious defense and are not innocent in light of Defendants acquiring the website domain of <www.seniorcare.com> long before telemarketers illegally called Plaintiff and directed Plaintiff to visit said website. By way of calling Plaintiff—a resident of the State of Ohio—, Defendants engaged in tortious conduct in the State of Ohio and this Court enjoys personal jurisdiction over Defendants therefor.

Summary judgment is proper when, viewing the evidence in the light most favorable of the non-moving party, the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In light of Plaintiff's Affidavit and the certified transcription of the illegal telemarketing phone call and Defendants affirming they owned the website domain of <www.seniorcare.com> prior to Plaintiff being directed to visit said website by a telemarketer, a material issue of fact does exist for purposes of the instant civil action.

### C. DEFENDANTS SHOULD BE SANCTIONED FOR PERPETUATING A FRAUD UPON THE COURT

Schulze claims in his Declaration—attached to Defendants' Motion—that AffAction has never engaged in any telemarketing to any consumers. However, Schulze affirmed in the very same Declaration that he acquired <www.seniorcare.com> on March 17, 2015. On August 21, 2015, a telemarketer directed Plaintiff to visit the website of <www.seniorcare.com>. (Exhibit B.) AffAction clearly engaged in telemarketing and Schulze committed a fraud upon the court by denying it under penalty of perjury. Defendants should be sanctioned therefor.

### III.  CONCLUSION

    For the reasons set forth herein, Defendants are in default, Defendants lack good cause or a meritorious defense for the defaults against Defendants to be set aside or disregarded, Defendants' Motion to Dismiss was filed while Defendants were in default and so it should be struck from the Court's record and not entertained by the Court, and in light of the invoice showing that Defendants owned the website domain of <www.seniorcare.com> at the time Plaintiff illegally received phone calls from telemarketers directing him to visit said website, Defendants' claim that they did not call Plaintiff is nothing more than a fraud upon the court and Defendants should be sanctioned therefor in the form of Plaintiff being awarded attorney's fees Plaintiff incurred to respond to Defendants' fraudulent motion.

                                                    Respectfully submitted,

                                                    **KLIMKOWSKY LAW, LLC**

                                                   /s/ Brett A. Klimkowsky  
                                                 Brett A. Klimkowsky (#90183)  
                                                 P.O. Box 114  
                                                 Martin, OH 43445  
                                                 (P):  (419) 360-1738  
                                                 (F):  (855) 589-8543  
                                                 (E):  brett1066@gmail.com  
                                                 *Attorney for Bryan Anthony Reo*

Dated:  December 3, 2015

## **CERTIFICATE OF SERVICE**

   I, Brett A. Klimkowsky, affirm that I am an attorney of record for a party to the above-captioned case and that on December 3, 2015, I served true and accurate copies of Plaintiff's Response to Defendant's Motion to Dismiss and the Exhibits attached thereto upon all attorney of record who are registered to receive correspondence via the Court's Electronic Filing System because I filed said documents with said System on said date which should serve said attorneys by electronic mail.

                                                Respectfully submitted,

                                                **KLIMKOWSKY LAW, LLC**

                                                /s/ Brett A. Klimkowsky
                                                Brett A. Klimkowsky (#90183)
                                                P.O. Box 114
                                                Martin, OH 43445
                                                (P):  (419) 360-1738
                                                (F):  (855) 589-8543
                                                (E):  brett1066@gmail.com
                                                *Attorney for Bryan Anthony Reo*

Dated:  December 3, 2015