IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Bryan Anthony Reo, ) | Case No. 1:15-CV-02348 |
| Plaintiff, ) | Judge Patricia A. Gaughan |
| v. ) | |
| AffAction, LLC, et al., ) | **DEFENDANTS' REPLY MEMORANUDM IN SUPPORT OF MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT AND REQUEST FOR SANCTIONS** |
| Defendants. ) | |
| ) | Roman Arce (0059887) |
| ) | Jennifer J. Dawson (0033707) |
| | MARSHALL & MELHORN, LLC |
| ) | Four SeaGate, Eighth Floor |
| | Toledo, Ohio 43604 |
| ) | Tel: (419) 249-7100 |
| | Fax: (419) 249-7151 |
| ) | arce@marshall-melhorn.com |
| | dawson@marshall-melhorn.com |
| ) | |
| | Attorneys for Defendants |
| ) | AffAction, LLC and Shawn Schulze |

Defendants filed their Rule 12(d) Motion to Dismiss/Summary Judgment (doc. 14) ("Motion") on the grounds that Plaintiff sued the wrong parties. In support of their Motion, Defendants submitted indisputable evidence that they never engaged in telemarketing, and never sold the products Plaintiff claims he was offered (*i.e.*, funeral expense and life insurance products).

Plaintiff's Response (doc. 15) ("Response") pointed to *no evidence* upon which reasonable minds could conclude that Defendants engaged in the activities upon which Plaintiff's

1

claims are based. Therefore, Defendants' Motion should be granted. *See Cunningham v. Advanta Corp.*, No. 3:08-CV-1794-K(BH), 2009 WL 290031 (N.D. Tex. Feb. 3, 2009) (summary judgment is appropriate when a plaintiff sues the wrong party in a Telephone Consumer Protection Act case). *See also Bridgeport Music, Inc. v. Rondor Music Int'l, Inc.*, 259 Fed. Appx. 827, 828 (6th Cir.2008) (affirming summary judgment when plaintiff sued the wrong defendant).

I. **Defendants met their burden to establish that there is no genuine issue of material fact.**

Defendants AffAction, LLC and Shawn Schulze (sometimes jointly referred to as "AffAction" or the "Company") offered indisputable evidence that they:

- never engaged in telemarketing;
- never owned or controlled any of the telephone numbers Plaintiff identified in the Complaint;
- never placed any of the telephone calls alleged in the Complaint; and
- never sold the products alleged in the Complaint.

(Schulze First Declaration, doc. 14-1; Schulze Second Declaration attached as Exh. A)

It is true that AffAction owns and operates the website "seniorcare.com," along with a collection of other websites related to the senior care industry. (Schulze Second Declaration) However, Defendants neither engage in telemarketing, nor sell funeral expense or life insurance products. (Schulze First Declaration, doc. 14-1)

Instead, seniorcare.com informs consumers about the realities and options available in the senior care industry. In addition to the seniorcare.com website, Defendants operate a collection of related "online brands" (*i.e.,* websites) that offer in-depth content and provider directories for various segments of the senior care industry, such as assisted living, home care, skilled nursing, and adult day care. (Schulze Second Declaration)

2

The people who choose to visit Defendants' senior care websites are consumers looking for information and senior care options in their geographic area. (*Id.*) The website visitors, not AffAction, initiate all contact. AffAction has never conducted telemarketing in any industry, and has never sold funeral expense or life insurance products. (*Id.*)

Three crucial indisputable facts are: (1) AffAction operates ***solely online***; (2) AffAction never initiates any contact with consumers; rather, consumers initiate contact by clicking on AffAction's websites; and (3) AffAction provides information to consumers, but sells no products or services via unsolicited telemarketing. (*Id.*) [1]

By submitting declarations confirming that Plaintiff sued the wrong parties, Defendants met their burden to submit evidence establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The burden then shifts to Plaintiff to direct the Court's attention to evidence in the record sufficient to establish a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), quoting Fed. R. Civ. P. 56(e).

Here, Plaintiff failed to meet his burden.

## II. Plaintiff failed to submit evidence showing there is a genuine issue of material fact for trial.

Plaintiff relies on nothing more than his own affidavit and a transcript of a telephone call from someone identified only as "Nancy." According to Plaintiff, Nancy said she was calling

---

[1] AffAction earns revenue by (a) displaying advertisements to website visitors and collecting fees from the advertisers, and (b) referring website visitors to elder care companies that pay for such referrals. (Schulze Second Declaration, Exh. A) Defendants do not engage in telemarketing and receive no revenue from telemarketing. (Id.; Wild Declaration attached as Exh. B)

from "Senior Benefit Final Expense Insurance" and from "Senior Care," she tried to sell Plaintiff a "final expense insurance plan," and she directed Plaintiff to the "seniorcare.com" website.

To defeat Defendants' Motion, however, Plaintiff must do more than claim that a telemarketer directed Plaintiff to Defendants' website and referred to the generic term "senior care." Rather, Plaintiff must offer evidence from which reasonable minds could conclude that Nancy was Defendants' employee or authorized agent. "[A]n unsupported affidavit that is contradicted by other evidence does not create a genuine dispute of material fact sufficient to survive a summary judgment motion." *Smit v. Meyer*, 461 F. App'x 503, 505, 2012 WL 499643 (6th Cir. 2012) (internal citations omitted)(copy attached).

Plaintiff contends that because Nancy directed Plaintiff to seniorcare.com, "it is only logical to deduce that Defendants engaged in illegal telemarketing." (Response at 2, doc. 15) However, such unsupported "deduction" is insufficient to establish a genuine issue of material fact. The undisputed evidence is that the telemarketer: (1) called from a telephone number with no connection to Defendants; (2) claimed to represent "Senior Benefit Final Expense" - a company unrelated to Defendants; and (3) tried to peddle products that Defendants do not sell. Even assuming for purposes of Defendants' Motion that Nancy directed Plaintiff to a website owned by Defendants, this is not enough to defeat summary judgment because:

- Plaintiff offers no evidence that Nancy is Defendants' employee or agent;
- Plaintiff offers no evidence that Defendants sell the products Nancy tried to peddle; and
- Plaintiff offers no evidence that Nancy called Plaintiff from a telephone number under Defendants' control.

Plaintiff must do more than claim that Nancy directed him to AffAction's website and that she and other unidentified telemarketers used the phrase "senior care" during such calls. A Google search for the term "senior care" returns over fifteen million search results. (Schulze

4

Second Declaration, Exh. A-2) In order to prevail in this case, Plaintiff must establish that Nancy and/or other unidentified telemarketers were Defendants' authorized agents. *Hanson v. Kynast*, 24 Ohio St. 3d 171, 494 N.E.2d 1091(1986) (internal citations omitted) The relationship of principal and agent exists only when one party exercises the right of control over the actions of another, and those actions are directed toward the attainment of an objective which the former seeks." *Id.*

The factors courts examine when making the determination as to whether the principal and agent relationship exist include:

> (1) whether the individual was performing in the course of the principal's business;
>
> (2) whether the individual was receiving any compensation from the principal; and
>
> (3) whether the principal supplied the tools and the place of work in the normal course of the relationship.

*Cincinnati v. Scheer & Scheer Dev.*, 169 Ohio App.3d 101, 107, 2006-Ohio-1221, 862 N.E.2d 122, ¶ 22 (1st Dist.) (internal citations omitted).

Plaintiff failed to present evidence of any of the factors above. Therefore, Plaintiff cannot establish that a principal/agent relationship existed between Defendants and any telemarketer.

Rather than creating a genuine issue of material fact as to whether Nancy is Defendants' agent, Plaintiff's claim that Nancy directed Plaintiff to Defendants' website is consistent with the conclusion that Nancy works for a company that engages in tactics frequently used by unscrupulous telemarketers. Information found on publicly available consumer complaint websites show that many shady telemarketers engage in such ploys to lure potential customers. (Schulze Second Declaration)

In fact, the very telephone numbers Plaintiff identified in the Complaint are the subject of a vast number of consumer complaints alleging that the callers from those telephone numbers claimed to be associated not only with "Senior Care," but also with companies named "Senior Benefits," "Global Meds," "House Pharmacy," "All American Med," "Senior Medical Advisory," and even "the DEA." (Schulze Second Declaration) *See, e.g.*:

http://www.callercomplaints.com/SearchResult.aspx?Phone=561-910-0630;

http://www.callercomplaints.com/SearchResult.aspx?Phone=305-677-0401;

http://800notes.com/Phone.aspx/1-619-489-0077.

(Selected samples of customer complaints found on the above websites are attached as Exh. A-1)

Plaintiff also attaches some significance to the fact that in the 1990s, Mr. Schulze "worked for a small long distance telephone sales agency." (Response at 2, doc. 15) However, the undisputable facts are that seventeen years ago, Mr. Schulze was employed briefly making sales arising from inbound telephone calls. He **never made any unsolicited telemarketing calls** trying to sell anything to anyone. (Schulze Second Declaration) (Emphasis added)

Plaintiff's claimed evidence is insufficient to establish a genuine issue of material fact, and none of Plaintiff's "deductions" are reasonable in light of the indisputable evidence Defendants present. Plaintiff attempts to build inferences upon inferences, which do not create competent evidence from which reasonable minds could conclude that Nancy was Defendants' agent. "Although the court must read the evidence and all reasonable inferences drawn therefrom in the light most favorable to the party opposing the motion, a 'mere scintilla' of evidence will not be enough to withstand summary judgment." *Brown v. First Nationwide Mortgage Corp.*, 206 F. App'x 436, 440-41, 2006 WL 3289232 (6th Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). (Emphasis added.)

6

Here, Plaintiff offers a "mere scintilla" of evidence, but nothing more. He claims Nancy mentioned www.senior.care.com. However, the transcript of the recorded telephone conversation attached to Plaintiff's Affidavit confirms that when Plaintiff asked Nancy the name of the company she represents, she first said "Senior Care," but then immediately said "yes," when asked if she represents "Senior Benefit Final Expense Insurance." These are contradictory statements from the purported agent, which, if considered without the benefit of any additional evidence, would equally implicate a company known as "Senior Benefit Final Expense Insurance."

This Court, however, has the benefit of two declarations from Mr. Schulze and a declaration from Mr. Wild, Defendants' certified public accountant. Plaintiff does not, and cannot, provide any evidence to counter the substantive points made in these declarations, *i.e.*, (1) Defendants never engaged in telemarketing, (2) never owned or controlled any of the telephone numbers listed in the Complaint, (3) never placed any of the telephone calls alleged in the Complaint, and (4) never sold or attempted to sell to anyone any of the products Nancy was hawking when she called Plaintiff's residence.

In light of the detailed ***undisputed evidence*** before this Court concerning the true nature of Defendants' business activities, it would be unreasonable to conclude that Defendants are responsible for the telephone calls in question solely because Nancy allegedly tried to sell Plaintiff life insurance and "final expense insurance," while saying she represents "Senior Care," but also saying she represents "Senior Benefit Final Expense Insurance." This conclusion would be unreasonable because Defendants' opposing evidence cannot possibly be disputed by Plaintiff, and because according to Plaintiff, Nancy made contradictory statements as to who she represents, and tried to sell Plaintiff insurance products completely unrelated to Defendants' business.

There is also no evidence of any of the factors that would tend to establish that Nancy was Defendants' agent. There is no evidence that a person named Nancy ever received compensation of any kind from Defendants, there is no evidence that Defendants supplied Nancy with "a place of work or any tools or equipment" of any kind, and because Nancy made contradictory statements as to who she represents, and attempted to sell Plaintiff products that Defendants have never sold to anyone, there is also no evidence that Nancy "was performing in the course of Defendants' business."

Based on the undisputed evidence before this Court, reasonable minds could only conclude that Nancy was not Defendants' agent, and that Defendants are not responsible for any of the telephone calls alleged in the Complaint.

### III.     Plaintiff's Complaint should be dismissed.

Defendants met their burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings … together with the affidavits …' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once Defendants meet this burden, Plaintiff is required to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986), quoting Fed. R. Civ. P. 56(e). It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Plaintiff must "go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; see also *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000).

Plaintiff points to **no evidence** from which reasonable minds could conclude that Defendants may be held liable for any of the claims Plaintiff asserted in his Complaint. Plaintiff

8

simply sued the wrong parties. Therefore, Defendants' Motion should be granted. *See Cunningham v. Advanta Corp.*, No. 3:08-CV-1794-K(BH), 2009 WL 290031 (N.D. Tex. Feb. 3, 2009) (summary judgment is appropriate where a plaintiff sues the wrong party in a Telephone Consumer Protection Act case). *See also Bridgeport Music, Inc. v. Rondor Music Int'l, Inc.*, 259 Fed. Appx. 827, 828 (6th Cir.2008) (affirming summary judgment when plaintiff sued the wrong defendant).

**IV. Sanctions should be awarded against Plaintiff.**

Plaintiff is an experienced litigator. Since 2011, he has filed **at least thirty-five cases** in the Northern District of Ohio and/or Lake County Common Pleas Court. (Copies of dockets for these cases are attached as Exh. C) Given Plaintiff's substantial experience with the judicial system, he must understand that he needs more than mere suspicion and conjecture to prove his case.

Here, after Plaintiff filed his Complaint, and before filing their Motion, Defendants' counsel made **four** attempts to provide Plaintiff with **verifiable** facts establishing that Plaintiff sued the wrong parties, all of which Plaintiff ignored:

- Defendants counsel wrote Plaintiff's counsel on November 16, 2015 informing him that Defendants never engaged in telemarketing, never sold the products at issue, and offering to provide a signed affidavit or other sworn testimony attesting to such facts. The letter concluded, ***"Our objective is to do what it takes to convince you and your client that AffAction, LLC and Shawn Schulze are not responsible for any telephone calls placed to Mr. Reo, and to get the lawsuit you filed dismissed as soon as possible."*** (Exhibit D, emphasis added.) Plaintiff's counsel never responded.

- Three days later, Defendants' counsel sent a follow-up email message to Plaintiff's attorney again confirming that, "If necessary, we would also be willing to discuss relevant facts via telephone conference with … Mr. Schulze on the line." (Exhibit E) Again, Plaintiff's counsel never responded.

- On November 30, 2015, Defendants' counsel sent another email message to Plaintiff's attorney: "Unless we can talk about this and convince you and your client to promptly dismiss this case (without prejudice, at least), we will prepare and file a

9

Rule 12 motion to dismiss the complaint with a supporting affidavit from Shawn Schulze." (Exhibit F) For a third time, Plaintiff's counsel ignored Defendants' counsel.

- In a fourth and final attempt to avoid incurring the expense of filing a Motion to Dismiss, Defendants' counsel wrote Plaintiff's counsel again, stating, "As you know, *you have a duty to investigate the factual basis for your client's claims. Attached is a sworn Declaration from Shawn Schulze confirming that neither Defendant ever placed any telephone calls to your client's residential telephone number*. My next step will be to file a motion to dismiss/motion for summary judgment based on the attached sworn Declaration. Please let me know as soon as possible whether your client is willing to promptly dismiss this case voluntarily, so that our clients are not put through the needless expense of filing a motion with supporting evidence." (Exh. G) (Emphasis added.) Plaintiff's counsel ignored Defendants' counsel for a fourth time.

Defendants were left with no option but to incur the expense associated with filing this Motion. Plaintiff's refusal to *even consider* the information Defendants offered to provide him evidences an unacceptable indifference to the verified facts and a disrespectful disregard for judicial resources.

Even after Defendants filed their Motion, and after Plaintiff was faced with indisputable evidence that Defendants never engaged in telemarketing, Plaintiff persisted. Plaintiff claims that a telemarketer called his home telephone, but he offers *no evidence* that the telemarketer was Defendants' agent, an essential element of each of his claims.

Plaintiff is entitled to avail himself of the courts, as he has at least thirty-five times since 2011. However, he should bring only legitimate claims, and he should be sanctioned where, as here, he is proceeding despite indisputable evidence that he sued the wrong parties.

Defendants respectfully request that the Court order Plaintiff to reimburse them for reasonable attorney fees they incurred defending Plaintiff's meritless claims.

**E.     Conclusion.**

For all of the foregoing reasons, Defendants request that this Court grant their Motion, and order Plaintiff to reimburse Defendants for reasonable attorneys' fees incurred defending this litigation.

Respectfully submitted,

*/s/ Roman Arce*
Roman Arce (0059887)

*/s/ Jennifer J. Dawson*
Jennifer J. Dawson (0033707)
Attorneys for Defendants

### Certificate of Service

This certifies that on the 16th day of December, 2015, the foregoing Reply Memorandum was filed with the Court electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Roman Arce*
Roman Arce
Attorney for Defendants
AffAction, LLC and Shawn Schulze
