UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| Bryan Anthony Reo, | ) | CASE NO. 1:15 CV 2348 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Affaction, LLC, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION

This matter is before the Court upon Defendants' Rule 12(b)(6) Motion to Dismiss the Complaint (Doc. 14). This case arises under the Telephone Consumer Protection Act. For the reasons that follow, the motion is DENIED.

### ANALYSIS

Defendants move the Court to dismiss this action pursuant to Fed.R.Civ.Pro. 12(b)(6) for failure to state a claim. According to defendants, there is no evidence that either defendant ever made a telephone call to plaintiff. Defendants argue that they are not engaged in the business of telemarketing. They further claim that they have never engaged any agent to provide telemarketing services. Rather, defendants simply own a website. According to defendants, they have no ownership or control over the telephone numbers that made the telemarketing calls to plaintiff. In response, plaintiff provides a certified transcript of one call he received. In the transcript, the telemarketer identifies herself as a representative of senior care, which is the

website owned by defendants. The telemarketer further indicates that plaintiff can go to defendants' website to have his name removed from the call list. In reply, defendants provide evidence supporting their position that the telemarketer is not defendants' agent.

Upon review, the Court DENIES defendants' motion. In support of their Rule 12 motion, defendants present evidence that is outside the corners of the complaint. Therefore, pursuant to Rule 12(d), the Court must treat the motion as "one for summary judgment under Rule 56." The rule further requires that the Court give all parties a "reasonable opportunity to present all the material that is pertinent to the motion." The Court finds that, given the nature of the evidentiary arguments raised by defendants, together with the fact that this case is in its infancy, plaintiff should be permitted to engage in some discovery. The discovery will assist the Court in addressing the nature of the relationship (if any) between defendants and the telemarketer representing herself as a representative of defendants.

**CONCLUSION**

For the foregoing reasons, Defendants' Rule 12(b)(6) Motion to Dismiss the Complaint (Doc. 14) is DENIED.

IT IS SO ORDERED.

                                                    /s/Patricia A. Gaughan
                                                    PATRICIA A. GAUGHAN
Date:   12/18/15                        United States District Judge